EXHIBIT "A"

BY FAX

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
SWIFT TRANSPORTATION CO. OF ARIZONA, LLC, a corporate entity form unknown; and DOES 1-50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JUAN PLAZA, an individual;

**FILED**
Superior Court of California
County of Riverside
6/14/2021
J. Hendrickson
Electronically Filed

2021 JUN 26 PM 4:20

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* |
|---|---|
| Riverside Historic Courthouse 4050 Main Street Riverside, CA 92501 | **CVRI2102534** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jihad M. Smaili (SBN: 262219); SMAILI & ASSOCIATES, PC; 600 W. Santa Ana Blvd., Suite 202, Santa Ana, CA 92701; 714-547-4700

| DATE: *(Fecha)* | **6/14/2021** | Clerk, by *(Secretario)* | , Deputy *(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* SWIFT TRANSPORTATION CO. OF ARIZONA, LLC

under: ☒ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)       ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☒ by personal delivery on *(date)* 08/02/21

| | |
|---|---|
| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** |

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

BY FAX

Jihad M. Smaili, Esq. [262219]
**SMAILI & ASSOCIATES, PC**
Civic Center Plaza Towers
600 W. Santa Ana Blvd., Suite 202
Santa Ana, California 92701
714-547-4700
714-547-4710 (facsimile)
jihad@smaililaw.com

Attorney for Plaintiff

**FILED**
Superior Court of California
County of Riverside
**6/14/2021**
**J. Hendrickson**
Electronically Filed

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF RIVERSIDE

| | |
|---|---|
| JUAN PLAZA, an individual; | ) Case No.: **CVRI2102534** |
| | ) Assigned for all purposes to the |
| Plaintiff, | ) |
| | ) |
| v. | ) **COMPLAINT:** |
| | ) 1. Age Discrimination in Violation of Gov. |
| SWIFT TRANSPORTATION CO. OF | ) Code §12940 *et seq.* |
| ARIZONA, LLC, a corporate entity | ) 2. Failure to Prevent Discrimination in |
| form unknown; and DOES 1-50, | ) Violation of Gov. Code § 12940(k) |
| inclusive, | ) 3. Retaliation in Violation of Gov. Code |
| | ) §12940(h) |
| Defendants. | ) 4. Wrongful Termination |
| | ) 5. Violation of Business & Professions Code |
| | ) § 17200 *et seq.* |
| | ) |
| | ) **DEMAND FOR JURY TRIAL** |
| | ) **UNLIMITED JURISDICTION** |
| | ) |

L.A. COUNTY SHERIFF
CIVIL MGMT. BUREAU
LOS ANGELES OFFICE

2021 JUL 26 PM 4: 21

COMPLAINT

1

Plaintiff Juan Plaza (hereinafter "Plaintiff" and/or "Plaza") alleges as follows:

## THE PARTIES

1.   At all times mentioned herein, and at the time the causes of action arose, Plaintiff was and is an individual.

2.   Plaintiff is informed and believes and thereon alleges that at all times mentioned herein, Defendant Swift Transportation Co. of Arizona LLC (hereinafter "SWIFT"), is a corporate entity, form unknown, regularly conducting business in the State of California, and specifically, in the County of Riverside. Plaintiff is further informed and believes and thereon alleges that SWIFT was transacting business in the County of Riverside, State of California, at the time claims of Plaintiff arose. At all times relevant, SWIFT was an employer within the meaning of *Government Code* §12926(d) and as such was barred from, *inter alia*, harassing, discriminating or retaliating against Plaintiff in personnel, scheduling, employment, promotion, advancement, retention, hiring, terminating and other decisions relating to Plaintiff's employment on the basis of race, national origin, physical disability or medical condition, participation in protected activity, and other immutable characteristics.

3.   The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants DOES 1—50, inclusive, are currently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to show their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each Defendant named herein as a DOE was responsible in some manner for the occurrences and damages alleged herein.

4.   Each reference in this complaint to "Defendant" and/or "Defendants" refers to SWIFT, and also refers to all Defendants sued under fictitious names, jointly and severally.

5.   Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are now and/or at all times mentioned in this Complaint were in some manner legally responsible for the events, happenings and circumstances alleged in this Complaint.

1   Plaintiff is further informed and believes and thereon alleges that Defendants, and each of
2   them, proximately subjected Plaintiff to the unlawful practices, wrongs, complaints,
3   injuries and/or damages alleged in this Complaint.  Likewise, Defendants, and each of them
4   are now and/or at all times mentioned in this Complaint were the agents, servants and/or
5   employees of some or all other Defendants, and vice-versa, and in doing the things alleged
6   in this Complaint, Defendants are now and/or at all times mentioned in this Complaint were
7   acting within the course and scope of that agency, servitude and/or employment.

8       6.    Plaintiff is informed and believes and thereon alleges that Defendants, and
9   each of them, are now and/or at all times mentioned in this Complaint were members of
10  and/or engaged in a joint venture, partnership and common enterprise, and were acting
11  within the course and scope of, and in pursuance of said joint venture, partnership and
12  common enterprise.

13      7.    Plaintiff is informed and believes and thereon alleges that Defendants, and
14  each of them, at all times mentioned in this Complaint, concurred and contributed to the
15  various acts and omissions of each and every one of the other Defendants in proximately
16  causing the complaints, injures and/or damages alleged in this Complaint.  Plaintiff is
17  further informed and believes and thereon alleges that Defendants, and each of them, at all
18  times mentioned in this Complaint, approved of condoned and/or otherwise ratified each
19  and every one of the acts and/or omissions alleged in this Complaint.  Likewise,
20  Defendants, and each of them, at all times mentioned in this Complaint aided and abetted
21  the acts and omissions of each and every one of the other Defendants thereby proximately
22  causing the damages alleged in this Complaint.

23      8.    Plaintiff is informed and believes and thereon alleges that at all actions
24  alleged herein committed by Defendants were committed by managing agents of
25  Defendants, or, such conduct was known by and/or ratified by managing agents of
26  Defendants.
27  ///
28  ///

COMPLAINT

3

## VENUE AND JURISDICTION

9.      Venue is proper in this county and this Court has jurisdiction over this matter because Defendants operate out of Jurupa Valley, California, and, all of the claims and causes of action alleged herein occurred and accrued in the County of Riverside, State of California.

## FACTUAL BACKGROUND

10.     On or about January 30, 2000, Defendant hired Plaintiff as a Truck Driver. His job duties included, but were not limited to, loading merchandise into the semi-truck, balancing the load in the truck, unloading the merchandise, dropping and hooking trailers, and driving across the United States to make deliveries. At the age of 66, Plaintiff earned an hourly wage of $18.00 and often worked 12-16 hours per day.

11.     In the nearly two decades that Plaintiff provided services for Defendant, he had always received positive performance reviews. Nevertheless, Plaintiff was inevitably aging, and he began to suffer harassment and discrimination due to his age.

12.     In or around July 2019, Defendant called Plaintiff into the office and accused him of using his cell phone while driving the truck. Defendant proceeded to show Plaintiff the camera footage from the truck which showed Plaintiff reaching for and touching the dashboard. Defendant claimed that Plaintiff was reaching for his cell phone. However, Plaintiff was reaching for the Qualcomm unit installed in the truck which he was required to use. When Plaintiff tried to explain himself, Defendant began verbally attacking Plaintiff, and terminated his employment. After 20 years of dedicated and loyal service, Plaintiff was not even provided the opportunity to explain himself against unfounded accusations.

13.     Upon information and belief, other, younger Truck Drivers were allowed to use their cell phones while making deliveries without reprimand, consequence, or even a warning. Plaintiff was singled out and discriminated against due to his age. Plaintiff is also informed and believes that he was replaced with an employee below the age of 40

14.     Upon information and belief, Plaintiff suffered discrimination, harassment, retaliation, and ultimately terminated due to the fact that he was over the age of 40.

15.     Before filing this lawsuit, Plaintiff exhausted his administrative remedies by timely filing a complaint with the Department of Fair Employment and Housing (DFEH) and receiving a right-to-sue notice, dated June 26, 2020.

## FIRST CAUSE OF ACTION
## AGE DISCRIMINATION
## IN VIOLATION OF GOV. CODE § 12940 *et seq.*
### (Against all Defendants)

16.     Plaintiff refers to all allegations contained in paragraphs 1-16, inclusive and by such reference incorporates the same herein as though fully realleged in detail.

17.     At all times herein mentioned, Gov't Code §§12940(a) and 12941 were in full force and effect and were binding on Defendant.  These sections require Defendant to refrain from discriminating against any employee over the age of 40 because of their age.

18.     At the time of Plaintiff's termination and at all times that Defendant was discriminating against Plaintiff as alleged herein, Plaintiff was over the age of 40.  Plaintiff is informed and believes and thereon alleges that after years of wholly satisfactory, competent and diligent performance to the profit of Defendants, that Plaintiff's age, being over 40, was a motivating factor in Defendants' decision to terminate Plaintiff's employment. Said conduct by Defendants was intentional and willful.

19.     Plaintiff is informed and believes and thereon alleges that Plaintiff was replaced with an employee below the age of 40.

20.     Defendant was aware of Plaintiff's age, as herein alleged, because Plaintiff maintained Plaintiff's personnel file which specifically contained the date of Plaintiff's birth and his corresponding age.

21.     At all times herein alleged, Plaintiff was qualified for the position of employment that he held with Defendant and was able to perform the essential functions of that job.

COMPLAINT

5

22.     Plaintiff is informed and believes and thereon alleges that as a direct and proximate result of Plaintiff's age, Defendant decided to discriminate against him, and in fact, discriminated against Plaintiff.

23.     Defendants' discriminatory action against Plaintiff, as alleged above, constitutes unlawful discrimination in employment on account of Plaintiff's age in violation of FEHA, and particularly Gov't Code §12940.

24.     As a direct, foreseeable, and proximate result of Defendants' discriminatory action against Plaintiff, as herein alleged, Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, salary, benefits, the potential for advancement, and additional amounts of money Plaintiff would have received but for Defendant's discriminatory conduct, all in an amount subject to proof at the time of trial.

25.     As a direct, foreseeable, and proximate result of the wrongful conduct of Defendant as herein alleged, Plaintiff has also suffered and continues to suffer emotional distress and anguish, humiliation, anxiety, and medical expenses all to her damage in an amount subject to proof at trial.

26.     Plaintiff is informed and believes and thereon alleges that the above-alleged actions of Defendant were the result and consequence of Defendant's failure to supervise, control, direct, manage, and counsel those agents throughout Plaintiff's employment and that Defendant ratified, condoned and/or encouraged the discriminatory behavior and enabled agents to believe that their conduct was appropriate.

27.     Defendants, and each of them, failed to offer counseling or comfort to Plaintiff and sent the unmistakable message that such conduct is appropriate in the workplace.

28.     Plaintiff is informed and believes and thereon alleges that Defendant has a systemic and wide-spread policy of discriminating against and retaliating against employees over the age of 40.  By failing to stop the discrimination, harassment and retaliation, Defendant ratified the discriminatory and retaliatory conduct which, in turn, directly caused a vicious cycle of wrongful conduct with impunity.

Shimoff & Associates, P.C.

1      29.   The outrageous conduct of Defendant, and each of them was done with
2   oppression and malice by Defendant and its supervisors and managers, along with
3   conscious disregard of Plaintiff's rights, and were ratified by those other individuals who
4   were managing agents of Defendant.

5      30.   Plaintiff also continues to incur attorneys' fees and legal expenses in an
6   amount according to proof at the time of trial which fees and expenses are recoverable
7   pursuant to Gov't Code §12900 et seq.

8   **SECOND CAUSE OF ACTION**
9   **FAILURE TO PREVENT DISCRIMINATION IN VIOLATION**
10  **OF CALIFORNIA GOVERNMENT CODE § 12940(k)**
11  **(Against All Defendants)**

12     31.   Plaintiff refers to all allegations contained in paragraphs 1-30, inclusive and
13  by such reference incorporates the same herein as though fully realleged in detail.

14     32.   During the course of employment, Defendant, and each of them, failed to
15  prevent or remedy discrimination, retaliation and harassment toward Plaintiff on the basis
16  of his age in violation of *Government Code* §12940(k).

17     33.   As a direct result of the wrongful conduct of Defendant, Plaintiff suffered,
18  and continues to suffer, substantial losses in earnings and other benefits in an amount
19  according to proof at the time trial, including special and general damages.

20     34.   As a direct, foreseeable, and proximate result of the wrongful conduct of
21  Defendant, Plaintiff has suffered and continues to suffer emotional distress and anguish,
22  humiliation, substantial losses in salary, bonuses, job benefits, and other employment
23  benefits which he would have received all to his damage in a sum within the jurisdiction
24  of the Court to be ascertained according to proof.

25     35.   Plaintiff is informed and believes and thereon alleges that the outrageous
26  conduct of Defendant, and each of them, as alleged herein, was done with oppression and
27  malice by Plaintiff's supervisors and managers, along with conscious disregard of
28  Plaintiff's rights, and were ratified by those other individuals who were managing agents

COMPLAINT
7

1  | of Defendant.

2  |  36.  As a proximate result of the wrongful conduct of Defendant, and each of

3  | them, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and

4  | mental and physical pain and anguish according to proof at the time of trial.

5  |  37.  These unlawful acts were further encouraged by Defendant and done with a

6  | conscious disregard for Plaintiff's rights and with the intent, design, and purpose of injuring

7  | Plaintiff.  The conduct of Defendant alleged hereinabove was done with malice, fraud or

8  | oppression, and in reckless disregard of Plaintiff's rights under California law.  As such,

9  | Plaintiff is entitled to punitive damages within the meaning of *Civ. Code* §3294.

10 |  38.  Plaintiff has also incurred and continues to incur attorneys' fees and legal

11 | expenses in an amount according to proof at the time of trial.

### THIRD CAUSE OF ACTION
### RETALIATION IN VIOLATION OF
### CALIFORNIA GOVERNMENT CODE §12940(h)
### (Against All Defendants)

16 |  39.  Plaintiff refers to all allegations contained in paragraphs 1-38, inclusive, and

17 | by such reference incorporates the same herein as though fully realleged in detail.

18 |  40.  At all times herein mentioned, FEHA, *Government Code* §12940(h), was in

19 | full force and effect and was binding on Defendant.  This statute requires Defendant to

20 | refrain from retaliating against Plaintiff.

21 |  41.  Plaintiff is informed and believes and thereon alleges that as a consequence

22 | of his perceived lodging of complaints with Defendants about the harassing and

23 | discriminatory acts being committed against Plaintiff, Defendant took retaliatory action

24 | against Plaintiff by mistreating Plaintiff, denying Plaintiff advancement and promotion,

25 | and terminating him.

26 |  42.  Defendant unlawfully retaliated against Plaintiff after he engaged in

27 | protected activity, such as without limitation, his perceived complaints related to the

28 | harassment and discrimination that he was facing.

Smaili & Associates, P.C.

43.     As a proximate result of Defendant's willful, knowing, and intentional conduct against Plaintiff, he has sustained and continues to sustain substantial losses in Plaintiff's earnings and other employment benefits and continues to suffer humiliation, emotional distress, and mental and physical pain an and anguish, and sleep dysfunction, all to Plaintiff damage in a sum according to proof.

44.     These unlawful acts were further encouraged by Defendant and done with a conscious disregard for Plaintiff's rights and with the intent, design, and purpose of injuring Plaintiff.  In light of Defendant's willful, knowing, and intentional discrimination against Plaintiff which culminated in Plaintiff discharge, Plaintiff seeks an award of punitive and exemplary damages in an amount according to proof.

45.     Plaintiff has incurred and continues to incur legal expenses and attorney fees. Plaintiff is presently unaware of the precise amount of said expenses and fees and prays leave of court to amend this Complaint when said amounts are more fully known.

## FOURTH CAUSE OF ACTION
## WRONGFUL TERMINATION
### (Against All Defendants)

46.     Plaintiff refers to all allegations contained in paragraphs 1-45, inclusive and by such reference incorporates the same herein as though fully realleged in detail.

47.     Plaintiff informed Defendants that he suffered a work-related injuries, and work-related stress which resulted in a disability.  Further, Defendants were aware of Plaintiff's requests for accommodation and complaints about his workplace environment and overwhelming workload.

48.     *Labor Code* §232.5 makes it illegal for an employer to prohibit an employee from discussing their working conditions.

49.     *Labor Code* §6310 protects an employee's right to complain of unsafe working conditions.

50.     *Labor Code* §6400 requires employers to provide a work environment that is safe for its employees.

51.     *Gov't Code* §12940 et seq., prohibits forms of discrimination against protected classes of employees.

52.     Defendant wrongfully terminated Plaintiff in violation of a substantial and fundamental public policy in that a determining and motivating factor in Defendants' decision to terminate Plaintiff was the desire to retaliate against him because: (i) he was over the age of 40, (ii) his perceived complaints about the discrimination, harassment, and retaliation he endured.

53.     Plaintiff is informed and believes and thereon alleges that these factors made up Defendants decision to terminate Plaintiff and/or played an important and integral role in said decision.  Such discrimination was in violation of the public policy of the State of California and resulted in damage and injury to Plaintiff as alleged herein.

54.     As a proximate result of Defendants willful, knowing, and intentional discrimination and retaliation against Plaintiff, he has sustained and continues to sustain substantial losses in Plaintiff earnings and other employment benefits and continues to suffer humiliation, emotional distress, and mental and physical pain an and anguish, and loss of sleep/sleep dysfunction, all to his damage in a sum according to proof.

55.     In light of Defendants willful, knowing, and intentional discrimination against Plaintiff which resulted in his wrongful termination, Plaintiff seeks an award of punitive and exemplary damages in an amount according to proof.

## FIFTH CAUSE OF ACTION

### VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200 *et seq.*

### (Against All Defendants)

56.     Plaintiff refers to all allegations contained in paragraphs 1-55 inclusive, and by such reference incorporates the same herein as though fully realleged in detail.

57.     Defendant, and each of them, have engaged in unfair and unlawful business practices as set forth above.

58.     Business & Professions Code § 17200 *et seq.* prohibits unlawful and unfair business practices.

59.     By engaging in the above-described acts and practices, Defendant, and each of them, have committed one or more acts of unfair, unlawful or fraudulent competition within the meaning of Business & Professions Code §17200 *et seq.*

60.     Defendant, and each of them, have violated statutes and public policies. Through the conduct alleged in this Complaint, Defendant, and each of them, have acted contrary to public policies and have engaged in other unlawful and unfair business practices in violation of Business & Professions Code § 17200 *et seq.*, depriving Plaintiff and all interested persons of rights, benefits, and privileges guaranteed to all employees under law.

61.     As a direct and proximate result of the aforementioned acts and practices, Plaintiff has suffered a loss of money and property in the form of wages and benefits that he would have received as an employee of Defendant, and each of them.

62.     Plaintiff seeks an order of this Court awarding restitution, injunctive relief and all other relief allowed under Business & Professions Code §17200 *et seq.*, plus interest and costs.

# **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

1. For all actual, consequential, and incidental damages, including but not limited to loss of earnings and employee benefits, according to proof, but no less than $300,000;

2. For restitution for unfair competition pursuant to Business & Professions Code §17200 *et seq.*, resulting from Defendants' unlawful business acts and practices, according to proof;

3. For an order enjoining Defendants and their agents, servants, and employees, and all persons acting under, in concert with, or for them, from acting in derogation of any rights or duties alleged in this Complaint;

4. For pre-judgment and post-judgment interest, according to proof;

5. For punitive and exemplary damages, according to proof;

6. For attorneys' fees, according to proof and statute;

7. For costs of suit incurred herein;

8. For such other relief and the Court may deem just and proper.


Dated: June 11, 2021                **SMAILI & ASSOCIATES, P.C.**


By: _/s/ Jihad M. Smaili_
    Jihad M. Smaili, Esq.
    Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury.

Dated: June 11, 2021                    **SMAILI & ASSOCIATES, P.C.**


                              By:  _/s/ Jihad M. Smaili_
                                    Jihad M. Smaili, Esq.
                                    Attorney for Plaintiff

**BY FAX**

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:
Jihad M. Smaili, Esq. [SBN: 262219]
SMAILI & ASSOCIATES, PC
600 W. Santa Ana Blvd., Suite 202
Santa Ana, CA 92701
TELEPHONE NO.: 714-547-4700      FAX NO. *(Optional)*: 714-547-4710
ATTORNEY FOR *(Name)*: Plaintiff - Juan Plaza

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
STREET ADDRESS: 4050 Main Street
MAILING ADDRESS:
CITY AND ZIP CODE: Riverside, CA 92501
BRANCH NAME: Riverside Historic Courthouse

**FILED**
Superior Court of California
County of Riverside
6/14/2021
J. Hendrickson
Electronically Filed

CASE NAME:
Juan Plaza v. Swift Transportation Co. of Arizona, LLC, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|

| **CIVIL CASE COVER SHEET** | | |
|---|---|---|
| [✓] **Unlimited** (Amount demanded exceeds $25,000) | [ ] **Limited** (Amount demanded is $25,000) | **Complex Case Designation** [ ] Counter   [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) |

CASE NUMBER: **CVRI2102534**
JUDGE:
DEPT.:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[✓] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [✓] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [✓] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [✓] punitive
4. Number of causes of action *(specify)*: Five (5)
5. This case [ ] is  [✓] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: June 11, 2021

Jihad M. Smaili, Esq.
(TYPE OR PRINT NAME)

▶ /s/ Jihad M. Smaili
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;

CM-010

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**

To Plaintiffs and Others Filing First Papers. If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

To Parties in Rule 3.740 Collections Cases. A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

To Parties in Complex Cases. In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/ Wrongful Death
Product Liability (not asbestos or toxic/environmental) (24)
Medical Malpractice (45)
Medical Malpractice– Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (not civil harassment) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice (not medical or legal)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)
Contract/Warranty Breach–Seller Plaintiff (not fraud or negligence)
Negligent Breach of Contract/ Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage (not provisionally complex) (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property (not eminent domain, landlord/tenant, or foreclosure)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (arising from provisionally complex case type listed above) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment (non-domestic relations)
Sister State Judgment
Administrative Agency Award (not unpaid taxes)
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (not specified above) (42)
Declaratory Relief Only
Injunctive Relief Only (non-harassment)
Mechanics Lien
Other Commercial Complaint Case (non-tort/non-complex)
Other Civil Complaint (non-tort/non-complex)

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (not specified above) (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

**CIVIL CASE COVER SHEET**

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

☐ **BANNING** 311 E. Ramsey St., Banning, CA 92220
☐ **BLYTHE** 265 N. Broadway, Blythe, CA 92225
☐ **CORONA** 505 S. Buena Vista, Rm. 201, Corona, CA 92882
☐ **HEMET** 880 N. State St., Hemet, CA 92543
☐ **MORENO VALLEY** 13800 Heacock St., Ste. D201, Moreno Valley, CA 92553

☐ **MURRIETA** 30755-D Auld Rd., Suite 1226, Murrieta, CA 92563
☐ **PALM SPRINGS** 3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262
☒ **RIVERSIDE** 4050 Main St., Riverside, CA 92501
☐ **TEMECULA** 41002 County Center Dr., #100, Temecula, CA 92591

**RI-CI032**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar Number and Address) | FOR COURT USE ONLY |
|---|---|
| Jihad M. Smaili, Esq. (262219)<br>600 West Santa Ana Blvd., Suite 202<br>Santa Ana, Ca 92701<br><br>TELEPHONE NO: 714-547-4700     FAX NO. (Optional): 714-547-4710<br>E-MAIL ADDRESS (Optional) jihad@smaililaw.com<br>ATTORNEY FOR (Name): Plaintiff - Juan Plaza | **FILED**<br>Superior Court of California<br>County of Riverside<br>**7/13/2021**<br>**A. Sanchez**<br>Electronically Filed |
| PLAINTIFF/PETITIONER: JUAN PLAZA | |
| DEFENDANT/RESPONDENT: SWIFT TRANSPORTATION CO. OF ARIZONA, LLC | CASE NUMBER:<br>CVRI2102534 |

## CERTIFICATE OF COUNSEL

The undersigned certifies that this matter should be tried or heard in the court identified above for the reasons specified below:

☒   The action arose in the zip code of:    91752     .

☐   The action concerns real property located in the zip code of:       

☐   The Defendant resides in the zip code of:       

For more information on where actions should be filed in the Riverside County Superior Courts, please refer to Local Rule 1.0015 at www.riverside.courts.ca.gov.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date   7/13/2021

Jihad M. Smaili              ▶       /s/ Jihad M. Smaili
(TYPE OR PRINT NAME OF ☒ ATTORNEY ☐ PARTY MAKING DECLARATION)         (SIGNATURE)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Historic Court House
4050 Main Street, Riverside, CA 92501

**Case Number:**   CVRI2102534

**Case Name:**   PLAZA vs SWIFT TRANSPORTATION CO. OF ARIZONA, LLC

## NOTICE OF DEPARTMENT ASSIGNMENT

The above entitled case is assigned to the Honorable Craig Riemer in Department 1 for All Purposes.

Any disqualification pursuant to CCP section 170.6 shall be filed in accordance with that section.

The court follows California Rules of Court, Rule 3.1308(a)(1) for tentative rulings (see Riverside Superior Court Local Rule 3316). Tentative Rulings for each law and motion matter are posted on the internet by 3:00 p.m. on the court day immediately before the hearing at http://riverside.courts.ca.gov/tentativerulings.shtml. If you do not have internet access, you may obtain the tentative ruling by telephone at (760) 904-5722.

To request oral argument, you must (1) notify the judicial secretary at (760) 904-5722 and (2) inform all other parties, no later than 4:30 p.m. the court day before the hearing. If no request for oral argument is made by 4:30 p.m., the tentative ruling will become the final ruling on the matter effective the date of the hearing.

The filing party shall serve a copy of this notice on all parties.

| | |
|---|---|
|  | Interpreter services are available upon request. If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
|  | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided. Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation. A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation. (Civil Code section 54.8.) |

Dated: 06/14/2021

W. SAMUEL HAMRICK JR.,
Court Executive Officer/Clerk of Court

by: *Janie Henderson*
_____
J. Hendrickson, Deputy Clerk

CI-NODACV
(Rev. 02/16/21)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
Historic Court House
4050 Main Street, Riverside, CA 92501

**Case Number:**   CVRI2102534

**Case Name:**   PLAZA vs SWIFT TRANSPORTATION CO. OF ARIZONA, LLC

JUAN PLAZA

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| 12/13/2021 | 8:30 AM | Department 1 |
| Location of Hearing: | | |
| **4050 Main Street, Riverside, CA 92501** | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case.  CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

| | |
|---|---|
|  | Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
|  | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation. A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.) |

1  Jihad M. Smaili, Esq. [262219]
   **SMAILI & ASSOCIATES, PC**
2  Civic Center Plaza Towers
   600 W. Santa Ana Blvd., Suite 202
3  Santa Ana, California 92701
   714-547-4700
4  714-547-4710 (facsimile)
   jihad@smaililaw.com
5
6  Attorneys for Plaintiff
7              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
8                    **FOR THE COUNTY OF RIVERSIDE**
9
10  JUAN PLAZA, an individual;       )   **Case No.: CVRI2102534**
                                     )
11          Plaintiff,               )
                                     )
12      v.                           )
                                     )
13                                   )   **PLAINTIFF'S STATEMENT OF**
    SWIFT TRANSPORTATION CO. OF      )       **PUNITIVE DAMAGES**
14  ARIZONA, LLC, a corporate entity )       **[CCP §425.115]**
    form unknown; and DOES 1-50,     )
15  inclusive,                       )
                                     )
16                                   )
            Defendants.              )
17                                   )

18  _____

19  **NOTICE TO: SWIFT TRANSPORTATION CO. OF ARIZONA, LLC, a**
20  **corporate entity form unknown; and DOES 1—50, inclusive,**

21  Plaintiff Juan Plaza reserves the right to seek $100,000.00 in punitive damages
22  against each of you when she seeks a judgment in the above captioned lawsuit filed
    against you.
23
    Dated: July 13, 2021                    **SMAILI & ASSOCIATES, P.C.**
24
25
26                                   By: *Jihad M. Smaili*
27                                       Jihad M. Smaili, Esq.
                                         Attorneys for Plaintiff
28

_____

STATEMENT OF PUNITIVE DAMAGES

1